UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONNA M. CASEY,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

Case No. 7:13-CV-0947
(GTS/ESH)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CONBOY, McKAY, BACHMAN & KENDALL, LLP<br>    Counsel for Plaintiff<br>307 State Street<br>Carthage, New York 13619 | LAWRENCE HASSELER, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF REG'L GEN. COUNSEL-REGION II<br>    Counsel for Defendant<br>26 Federal Plaza - Room 3904<br>New York, New York 10278 | STEPHEN P. CONTE, ESQ. |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this action filed by Donna M. Casey ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking disability benefits, are (1) the Report-Recommendation of United States Magistrate Judge Earl S. Hines, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that the Commissioner's decision be reversed and Plaintiff's request to remand the ALJ's unfavorable decision be remanded, (2)

Defendant's objection to the Report-Recommendation, and (3) Plaintiff's response to Defendant's objection. (Dkt. Nos. 17, 22, 23.)

## I. DEFENDANT'S OBJECTIONS

Defendant makes one argument in her objection.  Plaintiff argues Magistrate Hines's Report-Recommendation finding that the Residual Functional Capacity ("RFC") was not correct is based upon an erroneous reading of the Administrative Law Judge's ("ALJ") decision. (Dkt. No. 22 at 3-6.)

## II. PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS

Plaintiff makes one argument in her response. Plaintiff argues, in essence, that Magistrate Judge Hines correctly concluded that there was at a minimum, reasonable doubt as to whether the proper standards of review were applied by the ALJ. (Dkt. No. 23 at 2.)

## III. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report-Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Parties may raise objections to the magistrate judge's Report-Recommendation, but they must be "specific written" objections, and must be submitted "[w]ithin 14 days after being served with a copy of the recommendations disposition." Fed.R.Civ.P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report-Recommendation only for clear error." *Caldwell v. Crosset,* 2010 WL 2346330 at * 1 (N.D.N.Y. 2010) (internal quotations omitted) (*citing Farid v.*

2

*Bouey,* 554 F.Supp.2d 301, 307 (N.D.N.Y. 2008)). A judge of the court shall make a de novo determination of those portions of the [Report-Recommendation] to which objection is made. 28 U.S.C. § 636(b)(1)(C).

## IV. ANALYSIS

As an initial matter, the Report-Recommendation recommended remand specifically to address Plaintiff's inability to work under a male supervisor at step five. The Report-Recommendation concluded that the ALJ's step three determination was supported by substantial evidence; therefore, remand was not to address this point. (Dkt. No. 17 at 6-14.) Neither party objected to this portion of the Report-Recommendation. The Court reviews the portion of the Report-Recommendation addressing the step three argument for clear error only. After carefully reviewing the relevant filing in this action, the Court can find no clear error in the Report-Recommendation regarding Magistrate Hines's finding that the ALJ conducted a proper step three determination. (Dkt. No. 17 at 14.)

Defendant's argues the Report-Recommendation erred in recommending remand, because the Magistrate Judge erroneously read the ALJ's decision. This Court disagrees with Defendant, generally for the reasons stated in Plaintiff's response. (Dkt. No. 23 at 2-3.) The Court adds the following analysis.

Confusion arises from the following portion of the ALJ's hearing decision:

> I find support in the record for Social Worker Curley's conclusion that [Plaintiff] could work for a female supervisor, work around other people, have public contact, perform routing work, train for a new occupation, and work during the day or at night, but could not work at a high rate of speed, work for a male supervisor, take responsibility for others, take responsibility for decisions, work alone, or display reliability for continued effort. I have incorporated parts of Social Worker Curley's opinion into

> [Plaintiff's RFC], to the extent this opinion is consistent with [Plaintiff's] own testimony.

(T. 27.) The ALJ ultimately concluded Plaintiff had the RFC to perform "light work" with additional non-exertional limitations. (T. 22.) Plaintiff's mental non-exertional limitations included limitations to "unskilled work, non-production work, and non-supervisory work . . . [Plaintiff could] have frequent contact with co-workers and supervisors, but no contact with the general public as a part of her job duties." (*Id.*)

Magistrate Judge Hines concluded that the ALJ omitted Plaintiff's limitation to "no male supervisors" in his RFC and the subsequent hypothetical poised to the VE at step five; therefore, remand is necessary to obtain proper VE testimony. Magistrate Hines stressed that this error was likely inadvertent; however, it was not harmless, because the limitation was not presented to the VE at step five and therefore "deprived [Plaintiff] of a substantial right to have an administrative determination of her application for [benefits] based on substantial evidence." (Dkt. No. 17 at 22.)

Defendant objected, reasoning that the ALJ did not inadvertently omit the limitation to "no male supervisors" because the ALJ stated he incorporated the parts of the opinion "to the extent" they were consistent with Plaintiff's testimony. (Dkt. No. 22 at 4 *referring to* T. 27.) To be sure, this Court agrees with Defendant that it is the Commissioner's role to weigh medical opinion evidence and to resolve conflicts in that evidence. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). This Court also agree that an ALJ's RFC need not track one opinion point for point. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was

4

consistent with the record as a whole."), *see also Zongos v. Colvin*, No. 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion). However, a reading of the decision does not indicate whether the limitation to no male supervisors was inadvertently left out or if the ALJ determined it was inconsistent with Plaintiff's testimony.

The ALJ's RFC accounted for every limitation he listed in his analysis, except the limitation to "no male supervisors." Defendant argues the ALJ relied on Plaintiff's testimony in his purposeful decision to omit the limitation. (Dkt. No. 22 at 5-6.) Defendant attempts to create a rationalization of the ALJ decision.[1] In fact, Plaintiff's testimony actually supports a limitation to "no male supervisors" due to her past abuse and history of "poor boundaries" with male supervisors. (T. 447, 49, 326-327.) This case is extremely unique as a limitation to only female supervisors is rare and guidance cannot be found in the Commissioner's Code or the Social Security Regulations ("SSRs"). Therefore, based on a review of the record, this Court agrees with Magistrate Judge Hines's recommendation that this matter be remanded.[2]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hines' Report and Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[1] This Court may not "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Martinbeault v. Astrue*, 2009 WL 5030789, *5 (N.D.N.Y. Dec. 14, 2009) (citing *Grogan v. Barnhart,* 399 F.3d 1257, 1263 [10th Cir. 2005]); *see also Snell,* 177 F.3d 134 (quoting *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168 (1962)); *see also Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir.1999).

[2] Magistrate Hines urges remand solely for additional VE testimony in this matter. However, this Court's decision should not be read as to preclude the Commissioner, should she chose, from seeking clarification from the ALJ on whether or not he inadvertently left out the limitation to no male supervisors.

**ORDERED** the Commissioner's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED in part and GRANTED in part**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that the Commissioner's decision denying disability benefits is **VACATED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and consistent with the specific instructions outlined in the Report and Recommendation.

Dated: September 15, 2015
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge